## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADRIENNE RICHARDSON | : | |
| | : | |
| | : | |
| v. | : | Civil No. CCB-13-1356 |
| | : | |
| | : | |
| MIDLAND FUNDING, LLC, and | : | |
| MIDLAND CREDIT MANAGEMENT, | : | |
| INC. | : | |
| | : | |

## MEMORANDUM

Plaintiff Adrienne Richardson filed this action against Midland Funding, LLC ("Midland Funding") and Midland Credit Management, Inc. ("MCM"), (collectively "Midland"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Maryland Consumer Debt Collection Act ("MCDCA"), and the Maryland Consumer Protection Act ("MCPA"). Midland has filed a motion to dismiss or, in the alternative, for summary judgment. A hearing was held on November 21, 2013. For the reasons set forth below, the motion will be granted.

## BACKGROUND

Midland Funding is a debt collector that bought a debt Richardson incurred on a Credit One Bank, N.A., credit card after she defaulted. Midland sought an affidavit judgment against Richardson in state court to collect. (Am. Compl., ECF No. 7, ¶ 46). On April 3, 2013, Richardson filed this action in the Circuit Court for Baltimore County, Maryland, seeking damages from Midland for alleged violations of the FDCPA, the MCDCA, and the MCPA, and seeking a stay of the collection action while this action was pending. (Notice of Removal, ECF No. 1, ¶ 1; Def.'s Mem., ECF No. 9-1, at 1-2). The collection action was stayed, and on May 8,

2013, Midland removed the FDCPA suit to this court.  (Def.'s Mem., at 5).

Richardson alleges Midland violated provisions of the FDCPA, the MCDCA, and the MCPA in five ways.  First, Richardson claims Midland violated 15 U.S.C. §§ 1692e and 1692f—specifically claiming violations of §§ 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10) and 1692f(1)—as well as § 14-202(8) of the MCDCA and § 13-303(1) of the MCPA, by seeking an affidavit judgment against her in state court without the proper documentation required under Maryland Rule 3-306(d), which governs pleading requirements for debt collectors seeking affidavit judgments.  (Am. Compl. ¶¶ 68(a), 69(a), 70(a), 71(a), 72(a), 73(a), 74(a), 79).  Second, Richardson alleges Midland violated the same provisions by filing a lawsuit to collect the debt when it did not have legal grounds to do so and misrepresenting its standing.  (Am. Compl. ¶¶ 68(b), 69(b), 70(b), 71(b), 72(b), 73(b), 74(b), 80).  Third, Richardson claims Midland's use of a "scattershot litigation strategy," designed to deceive consumers into accepting default judgments or to coerce them into settling, violates the above-listed provisions.  (Am. Compl. ¶¶ 68(c), 69(c), 70(c), 71(c), 72(c), 73(c), 74(c), 81).  Fourth, Richardson alleges Midland violated the previously listed provisions, with the exception of § 1692f(1), by claiming the sale in which it obtained ownership rights to Richardson's alleged debt was subject to representation or warranty as to collectability.  (Am. Compl. ¶¶ 68(d), 69(d), 70(d), 71(d), 72(d), 73(d), 82).  Fifth, and finally, Richardson claims Midland violated § 1692e(10) by having no meaningful attorney involvement when it filed suit against Richardson.  (Am. Compl. ¶ 72(e)).

Midland seeks dismissal on the grounds that Richardson's claims are not ripe and that she has failed to state a claim upon which relief can be granted.  Because the court finds Richardson has failed to state a claim, it will assume, without deciding, that her claims are ripe.

## ANALYSIS

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## I.      Section 1692e Claims

The FDCPA protects consumers from abusive and deceptive debt collection practices.

*United States v. Nat'l Fin. Serv., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996).  Section 1692e prohibits

the use of "any false, deceptive, or misleading representation or means in connection with the

collection of any debt."  15 U.S.C. § 1692e.  The section also includes a non-exhaustive list of

conduct that violates the general prohibition.  *Id.*  At issue in this case are alleged violations of §

1692e(2)(A), prohibiting "[t]he false representation of the character, amount, or legal status of

any debt;" § 1692e(4), prohibiting the representation that a consumer will be imprisoned,

arrested, or lose property if he does not pay a debt, unless the action is lawful and the collector

intends to take the action; § 1692e(5), prohibiting a collector from threatening any action that

"cannot legally be taken or that is not intended to be taken;" and § 1692e(10), prohibiting the use

of "any false representation or deceptive means to collect or attempt to collect any debt."  "It is

well established that 'the threshold requirement for application of the [FDCPA] is that prohibited

practices are used in an attempt to collect a debt.'" *Bradshaw v. Hilco Receivables, LLC*, 765 F.

Supp. 2d 719, 725 (D. Md. 2011) (quoting *Mabe v. G.C. Serv. Ltd. P'ship*, 32 F.3d 86, 87-88

(4th Cir. 1994)).  Because Richardson has failed to allege sufficient facts making it plausible that

Midland engaged in conduct that would violate any of the provisions of § 1692e when it filed a

collection suit against her, she has failed to meet the threshold requirement for stating a claim.

### A.  Insufficient Documentation under Maryland Rule 3-306(d)

Under Maryland Rule 3-306(d), a party seeking to collect on an assigned consumer debt

by affidavit judgment must include with the affidavit various properly authenticated documents

tending to show the debt exists as alleged, the defendant in the collection action is the actual

debtor, and the debt collector has ownership rights to the debt.  Md. Rule 3-306(d).  In addition,

the debt collector must include an "Assigned Consumer Debt Checklist," on which the collector

4

marks and identifies which information attached to the affidavit is intended to make the showings required by the rule.  *Id.*   Even after filing the complaint, and without the plaintiff filing a notice to defend or showing up in court, the court can find the documentation is insufficient to entitle the debt collector to judgment on affidavit.  Md. Rule 3-306(e)(2)(B).  A completed checklist is thus no guarantee that the debt collector will succeed on the merits.

Richardson claims that, because much of the documentation Midland attached to its collection complaint allegedly was not properly authenticated or did not sufficiently demonstrate the information required by Rule 3-306, the checklist Midland filed identifying the documentation as satisfying the rule's requirements was false and misleading.  (*See, e.g.*, Am. Compl. ¶¶ 51-52, 61).  For example, to satisfy the requirement that a debt collector attach "[p]roof of the existence of the debt or account" to its complaint for affidavit judgment, Midland attached a record generated by MCM from electronic records Midland Funding received when it bought the defaulted account.  (Def.'s Mot. Ex. A, ECF No. 9-2, at 8).[1]   The record includes Richardson's name, the amount of the debt owed, the name of the original creditor, Richardson's address, the charge off date of the debt, the day Richardson opened the account, and the day she last made a payment.  *Id.*   Richardson claims the document is not a "bill or other record reflecting purchases, payments, or other use of credit card or account" as Midland indicated on the checklist, and that Midland therefore falsely claimed to have provided proof of the debt when it checked the corresponding box on the checklist.  (Am. Compl. ¶ 51).  Richardson does not claim that any information in the record is false, or that it is not a record from MCM as indicated,

---

[1] "[W]hen a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir.1999)). Richardson bases her entire complaint on Midland's collection complaint and attached documentation.  While she contests the sufficiency of the complaint and accompanying affidavit and documents to prove Midland's claim against her, she does not contest their authenticity.

only that it does not meet the evidentiary requirements of the pleading rule.  Richardson makes

the same claim with respect to the other documents Midland attached—only alleging that the

document at issue does not satisfy the evidentiary requirements of the rule, but never disputing

the accuracy of the record.  One of the documents, a credit card statement from Credit One to

Richardson showing an amount due matching Midland's claim and alerting her that the account

will be charged off, appears to be a document from the original creditor corroborating Midland's

claim, (Def.'s Mot. Ex. A, at 18); and, in fact, Richardson does not dispute the accuracy of the

bill or its authenticity.  She only claims it does not demonstrate that the account has been charged

off as the corresponding box on the checklist requires.  (Am. Compl. ¶ 60).[2]

Richardson's allegations do not support a claim that Midland engaged in deceptive

conduct in violation of § 1692e because they amount to nothing more than a claim that the

evidence Midland offered at the time it filed suit was insufficient to support a judgment in its

favor.  A debt collector's mere failure to offer evidence sufficient to prove its claim at the time it

files a complaint is not prohibited conduct under the FDCPA.  *See Harvey v. Great Seneca Fin.*

*Corp.*, 453 F.3d 324, 332-33 (6th Cir. 2006) (finding no cause of action existed under §

1692e(10) where the only allegation was that a debt collector "did not presently possess the

means of proving [the] debt" when it filed its complaint); *Johnson v. BAC Home Loans*

*Servicing, LP*, 867 F. Supp. 2d 766, 781 (E.D.N.C. 2011) ("To the extent Plaintiffs' allegations

imply the filing of a lawsuit without substantiating documentation is false, deceptive or

misleading, Plaintiffs do not state a claim[.]"); *Deere v. Javitch, Block and Rathbone LLP*, 413 F.

Supp. 2d 886, 891 (S.D. Ohio 2006) (finding the plaintiff failed to state a claim under §§ 1692e

---

[2] In fact, Richardson never denies she incurred the debt, defaulted on it, or owes it.  Her assertion that she does not owe Midland the debt is based only on her allegation that Midland filed a legally insufficient complaint, not on a dispute over the debt's existence.  (*See* Am. Compl. ¶ 49).

and 1692f where she alleged only that "more of a paper trail should have been in the [collector's] lawyers' hands or attached to the complaint" when the collector filed suit).  To hold otherwise would mean every time a debt buyer filed suit in good faith, but ultimately failed to win on the merits or faced dismissal on the basis of its complaint, it could be subject to liability under § 1692e.  This cannot be in line with the goals of the FDCPA, which is intended to "safeguard[] consumers from abusive and deceptive debt collection practices," *Bradshaw*, 765 F. Supp. 2d at 724, not from legitimate collection suits, *see Heintz v. Jenkins*, 514 U.S. 291, 296 (1995) (examining § 1692e(5) and noting "we do not see how the fact that a lawsuit turns out ultimately to be unsuccessful could, by itself, make the bringing of it an 'action that cannot legally be taken'").

Alternatively, if a debt collector files suit with misleading documents or documents containing actual falsities or misrepresentations concerning the debt, it likely does engage in conduct that violates the FDCPA.  *See, e.g.*, *Winemiller v. Worldwide Asset Purchasing, LLC*, 2011 WL 1457749, at *6 (D. Md. 2011) (finding a claim that a debt collector had violated Maryland Rule 3-306(d) was actionable because the plaintiff alleged the complaint in the collection action included falsehoods and misrepresentations)[3]; *Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016, 1022-23 (S.D. Ohio 2007) (holding the plaintiff stated a claim under § 1692e where she alleged the supporting affidavit filed with the complaint was made with "false or deceptive representations about the status and character of the debt").  Any attempt Richardson makes to construe her allegations regarding Midland's complaint as stating such a claim, however, is without merit.

It may be that, where a document has clearly been held not to satisfy the requirements of

---

[3] Unpublished cases are cited only for the soundness of their reasoning, not for any precedential value.

Rule 3-306, filing it with a complaint would render the checklist false or misleading.[4]  There

appears to have been no such clarity in the law, however, when Midland filed suit in the instant

case.  As Richardson's counsel pointed out during oral argument, what is and is not sufficient

under Rule 3-306(d), as amended in 2012, is unsettled.  The Maryland Court of Appeals has

recently agreed to review two Maryland circuit court decisions regarding the sufficiency of

various evidence under the rule, addressing several of the evidentiary issues Richardson raises in

the instant case—for example, whether an affidavit is proper evidence if not made by an

employee of the original creditor.  *See Rainford G. Bartlett v. Portfolio Recovery Assoc., LLC*,

Case No. 64, September Term, 2013; *James Townsend v. Midland Funding, LLC*, Case No. 76,

September Term, 2013.[5]  There is thus no definitive indication, that has been proffered to this

court, that the documents Midland attached were clearly improper, and known to be so, under

Rule 3-306.

Richardson also alleges no facts to show that Midland completed the checklist in bad

faith, knowing its evidence was insufficient.  Her conclusory allegation that Midland knew or

should have known "it did not possess the evidence necessary," (Am. Compl. ¶ 63), is not

enough.  Not only does the allegation appear to be aimed at what Midland possessed at the time

it filed suit, which does not support a claim as discussed above, but Richardson alleges no facts

to support her allegation.  Further, Richardson does not allege, and the Rule does not indicate,

that filing suit with the documentation at issue here rendered Midland's suit unlawful under

---

[4] Richardson relies on *Hartman v. Great Seneca Fin. Corp.* to establish such a rule.  Her reliance is misplaced, however.  In *Hartman*, although the plaintiffs claimed the debt collector had violated the FDCPA by attaching a document to its complaint that did not fit the category of documents required under the state pleading rules, the court did not decide the issue.  It instead refused to grant summary judgment to the debt collector because it found an issue of material fact as to whether the disputed document was misleading in and of itself, regardless of its conformity with the relevant state pleading rule.  569 F.3d 606, 613 (6th Cir. 2009).
[5] The cases are scheduled to be heard in March, 2014.

Maryland law, such that Midland misrepresented its right to file the complaint in the first place. *Cf. Grant-Hall v. Cavalry Portfolio Serv., LLC*, 856 F. Supp. 2d 929, 933, 944-45 (N.D. Ill. 2012) (holding plaintiffs stated a claim under the FDCPA where they alleged the debt collector did not have the documentation required under state law to lawfully file suit against the debtor).

Richardson does claim the affidavit of an MCM employee Midland attached to its complaint, (Def.'s Mot. Ex. A, at 4-5), contains an actual falsity, but it does not.  She alleges it is false because the affiant claimed to have personal knowledge that Midland was the owner of the obligation sued upon even though the affiant was unfamiliar with Credit One Bank's record-keeping practices and how Midland Funding generated the records.  (Am. Compl. ¶ 53).   The affiant only claims to have personal knowledge that Midland owned the obligation, however, on the basis of reviewing records her employer, MCM, keeps for Midland Funding.  (Def.'s Mot. Ex. A, at 4).  She does not claim to have such knowledge on the basis of Credit One Bank's or Midland Funding's records.  The affidavit does not, therefore, contain a false statement, and Richardson makes no other claims of actual falsity or misrepresentation.

Because Richardson has not alleged any facts demonstrating that the filing of the complaint was misleading or deceptive, or that anything filed with the complaint contained falsehoods or misrepresentations, she has failed to state a claim under § 1692e on these grounds.

**B.  Filing a Lawsuit Without Legal Grounds or Standing**

Richardson claims Midland violated § 1692e because it filed a lawsuit without having legal grounds to do so and by misrepresenting its standing.  (*See, e.g.*, Am. Compl. ¶ 49).  At oral argument, Richardson's counsel made clear that Richardson does not allege Midland filed suit never intending to fully prosecute it, only that, because the evidence filed with the complaint is

allegedly insufficient, it is plausible Midland never would have been able to provide sufficient evidence—regardless of its intent.[6]  That the evidence attached to Midland's complaint may ultimately be insufficient to prove its claim does not mean Midland did not have standing to bring suit in the first place.  *See Kendall v. Howard County*, 66 A.3d 684, 685, 691-92 (Md. 2013) (treating standing as a threshold issue dealt with before addressing the merits of a claim). Richardson never alleges Midland was not the actual owner of the obligation or that Midland could not lawfully sue her to collect; nor does she contest the existence of the debt.  Further, Richardson's claim that Midland did not have legal recourse against her appears to be based solely on the alleged insufficiency of the complaint to prove Midland's claim.  The legal insufficiency of a complaint, or the ultimate inability to sufficiently prove a claim, does not necessarily undermine the legality of bringing suit in the first place or mean Midland could never pursue collection by means of a lawsuit.

The cases to which Richardson cites do not support a finding that she has stated a cause of action, as they all involve allegations that the debt collector was not the actual owner of the obligation or that the debt did not exist as alleged.  *See, e.g.*, *Simmons v. Portfolio Recovery Assoc., LLC*, 2012 WL 222935, at *4-5 (E.D. Tenn. 2012) (finding plaintiff stated a claim for relief where he alleged the debt collector filed a complaint that contained misleading representations and false statements about the debt); *Delawder v. Platinum Fin. Serv. Corp.*, 443 F. Supp. 2d 942, 947-48 (S.D. Ohio 2005) (finding plaintiff stated a claim under § 1692e where the complaint alleged the debt collector misrepresented the amount of debt owed and the

---

[6] Because Richardson is not alleging Midland filed suit never intending to fully prosecute the case, the supplemental authority she filed with the court is inapposite to deciding this motion, as both cases focused on allegations that the debt collector filed suit never intending fully to prove its case.  *See Hinton v. Midland Funding, LLC*, 2013 WL 5739035, at *2, 8 (E.D. Mo. 2013); *Royal Financial Group, LLC v. Perkins*, 2013 WL 4419343, at *4-5 (Mo. Ct. App. 2013).

collector's legal claim to it).[7]  Richardson makes no such allegations here.  Because she makes

no factual allegations to support her conclusory claims that Midland lacked standing and legal

recourse, Richardson fails to state a claim under § 1692e on these grounds.

### C.  "Scattershot Litigation" Strategy

Richardson claims Midland violated § 1692e through its "pattern and practice of abusive,

scattershot litigation to collect debts."  (Am. Compl. ¶ 34).  She claims debt collectors file suit

after obtaining charged off debts without first investigating whether a proper basis exists for

pursuing a claim and without ever obtaining admissible evidence to support the claim.  (Am.

Compl. ¶ 34).  She further alleges the approach includes filing false or deceptive affidavits by

individuals with no personal knowledge of the debt and without reviewing the records of the

original creditor.  (Am. Compl. ¶ 35).  As a result, according to Richardson, cases are "all too

often: 1) filed against a person who is not the debtor; 2) filed outside the applicable statute of

limitations; 3) filed in an improper venue; and 4) filed on a debt that has been previously

extinguished through payment or otherwise."  (Am. Compl. ¶ 38).  To support these claims, she

points to a consent judgment Midland previously reached with the Attorney General of

Minnesota, in which it made no admissions of wrongdoing but agreed to change some of its

practices, including how it handled affidavits, as well as a press release from the Minnesota

Attorney General's office discussing the state's allegations against Midland.  (Am. Compl. ¶¶

35-37; Def.'s Mot. Ex. D, ECF No. 9-5, ¶¶ 34, 35; Pl.'s Opp'n, at 21-22).

These facts alone are insufficient to allege a claim under § 1692e.  It is not necessary to

decide in this case whether allegations of a general pattern and practice of deception or

---

[7] It should be noted that one case cited by Richardson, *Samuels v. Midland Funding, LLC*, involved a claim that the debt collector filed suit knowing it would never prove its claim against the debtor.  921 F. Supp. 2d 1321, 1326 (S.D. Ala. 2013).  Richardson does not appear to allege that here.  Further, the court in *Samuels* never decided whether such an allegation constituted a claim under § 1692e.  *Id.* at 1331.

misrepresentations together with a plaintiff's denial of the debt or sufficient allegations of misrepresentations or falsities within the collection complaint would sustain a cause of action, but Richardson cannot rely on pattern and practice allegations alone.  The cases on which Richardson relies do not support a finding that she has alleged facts supporting an actionable claim.  They either do not consider the plaintiff's allegations of the defendant's pattern and practice in determining that the plaintiff stated a claim, *see, e.g.*, *Kamps v. Midland Funding, LLC, et al.*, 2013 WL 622505, at * 3 (N.D. Ala. 2013), or they only consider it along with allegations that the debt collector made false statements or misrepresentations regarding the debt, thus filing suit in bad faith, *see, e.g.*, *Stubbs v. Cavalry SPV I*, 2013 WL 1858587, at *3-4 (N.D. Ill. 2013); *Robinson v. Sherman Fin. Group, LLC*, 2013 WL 1249567, at *7 (E.D. Tenn. 2013); *Simmons*, 2012 WL 222935 at *5; *Kuria v. Palisades Acquisition XVI, LLC*, 752 F. Supp. 2d 1293, 1302-03 (N.D. Ga. 2010).  This court is aware of no case in which a court found a plaintiff had alleged a claim under the FDCPA on a debt collector's alleged general pattern and practice of debt collection alone.  As discussed elsewhere in this opinion, Richardson has alleged no facts demonstrating that Midland filed a complaint with false statements or misrepresentations against her or that it filed suit with no legal right to do so.  She has offered no facts to show that Midland implemented its alleged unlawful pattern and practice in its case against her.  Accordingly, she has failed to state a claim under § 1692e on these grounds.

### D.  Midland's Alleged Warranty Claim

Richardson also claims Midland violated § 1692e because it attached to its complaint a bill of sale disclaiming all warranties of collectability except as listed in the "Agreement," but did not include the agreement.  (Am. Compl. ¶ 62).  The relevant language in the bill of sale

states Midland was assigned all right, title and interest in and to the sold accounts "without recourse and without representation or warranty of collectability, or otherwise, except to the extent stated in the Agreement."  (Def.'s Mot. Ex. A, at 13).  According to Richardson, this statement "falsely implies that the 'Agreement' states representations or warranties as to collectability when, in fact, the actual language in the 'Agreement' . . . explicitly states that no warranty or representation of collectability is being made."  (Pl.'s Opp'n, at 46).  The statement, however, is not false, and it does not make any representations as to what the Agreement may or may not say regarding the collectability of the debt, nor does it make any claims as to the status of Richardson's debt or Midland's ability to collect on it.  Further, there is nothing in Richardson's allegations demonstrating why a consumer would conclude the "Agreement" includes warranties instead of concluding it does not, especially where the bill of sale is emphatically disclaiming all warranties.  The statement in the bill of sale thus does not constitute a false or deceptive representation about the debt at issue, and it certainly has no impact on Midland's right to bring suit to collect.  Richardson has failed to state a claim on these grounds.

### E.  Meaningful Attorney Involvement

Finally, Richardson claims Midland filed suit without meaningful attorney involvement and that doing so violated § 1692e(10).  (Am. Compl. ¶¶ 65, 72(e)).  A collection complaint can be misleading, in violation of the FDCPA, where it is filed without an attorney's sufficient review of the legal basis for the claim.  *See Miller v. Upton, Cohen & Slamowitz*, 687 F. Supp. 2d 86, 96 (E.D.N.Y. 2009).  In claiming Midland filed suit without sufficient attorney involvement, the only fact Richardson alleges is that in 2012, Nathan Willner, the attorney who signed Midland's complaint and was listed, along with two other attorneys, as counsel of record,

also signed and was listed as counsel of record in approximately 11,668 other collection cases. (Am. Compl. ¶ 65). This single fact, without more, is insufficient to make it anything more than speculative that Midland filed suit without meaningful attorney involvement.

In the cases Richardson cites to support her claim, two courts found insufficient attorney involvement after extensive facts were put forth regarding the review process that the attorneys used to determine whether to send a delinquency letter or file a lawsuit, *Nielsen v. Dickerson*, 307 F.3d 623, 635-39 (7th Cir. 2002); *Miller v. Upton, Cohen & Slamowitz*, 687 F. Supp. 2d at 94, 99-100, and one court required more discovery as to the review process used, *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 306-07 (2d Cir. 2003). Richardson has alleged no facts as to how or whether Willner, or the other attorneys listed as representing Midland on the complaint, reviewed her case before filing suit. *Cf. Tourgeman v. Collins Fin. Serv., Inc.*, 2011 WL 3176453, at *9 (S.D. Cal. 2011) (finding plaintiff stated a claim under § 1692e where he alleged the law firm involved prepared collection suits en masse and had attorneys sign them without verifying the alleged information); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650, at *7-8 (N.D. Ill. 1999) (finding plaintiff stated a claim under § 1692e where he alleged both the attorney signing a collection letter and the law firm listed on the letterhead had failed to review his file prior to mailing the letter). She only claims Mr. Willner *could not* have meaningfully reviewed the lawsuit with his alleged high workload. (Pl.'s Opp'n, at 49). Such speculation cannot support a claim, especially given there are two other attorneys listed as counsel of record on Midland's complaint, (*see* Def.'s Mot. Ex. A, at 1). Further, there are no other facts tending to show that an attorney did not review the case before Midland filed suit, such as a mistake in the complaint regarding the nature of the debt. *See Diaz v. Portfolio Recovery Assoc., LLC*, 2012

14

WL 661456, at *11-13 (E.D.N.Y. 2012) (refusing to dismiss a plaintiff's FDCPA claims based on lack of meaningful attorney involvement where he alleged a firm of no more than three attorneys filed over 13,000 cases a year and the debt upon which it had sued in the case was time-barred), *adopted by Diaz v. Portfolio Recovery Assoc., LLC*, 2012 WL 1882976, at *5 (E.D.N.Y. 2012).[8]

Because Richardson has failed to allege facts making it not just conceivable, but plausible, that Midland filed suit without meaningful attorney involvement, she has failed to state a claim under § 1692e(10) on these grounds.

## II.     Section 1692f Claims

Richardson also has failed to state a claim under § 1692f, which prohibits the use of any "unfair or unconscionable means to collect or attempt to collect any debt."  The statute contains a non-exhaustive list of behavior that would violate this provision, but it does not define "unfair" or "unconscionable."  Some courts have held plaintiffs must allege misconduct "separate and distinct" from violations of § 1692e to state a claim under § 1692f, *see Stewart v. Bierman*, 859 F. Supp. 2d 754, 765 (D. Md. 2012), and Richardson's claims under § 1692f are identical to her § 1692e claims.  Even if her claims under § 1692f could be construed as distinct, the attachment of documentation that may fail to provide sufficient evidence of Midland's claim under Maryland's rules does not rise to the level of "unfair" or "unconscionable" behavior.

Further, Richardson has alleged no facts demonstrating that the amount Midland seeks to collect was not "expressly authorized by the agreement creating the debt or permitted by law," in violation of § 1692f(1).  She does not dispute the amount allegedly owed.  She has not provided

---

[8] To the extent *Diaz* can be read to hold a plaintiff-debtor states a claim of no meaningful attorney involvement on the basis of the number of complaints filed by an attorney alone, this court does not find it persuasive.  This court has found no other case in which a plaintiff was found to have stated a claim on such grounds without allegations or facts as to how or whether a review was conducted.

any facts as to what agreement she had with Credit One concerning the money or fees, if any,

Credit One or its assignees could collect should she default, *see Spencer v. Hendersen-Webb,*

*Inc.*, 81 F. Supp. 2d 582, 591-92 (D. Md. 1999) (finding debt collector violated § 1692f(1) when

it attempted to collect attorney's fees that were not authorized by the agreement at issue); nor has

she provided facts as to any state or federal law under which the amount Midland seeks is

unlawful.  That the documentation filed with the collection complaint may be legally insufficient

to prove Midland's claim does not render its claim unlawful, as discussed at other points in this

opinion.  Thus, the complaint alleges no plausible violations of § 1692f.


### III.    MCDCA and MCPA Claims

Finally, Richardson claims Midland "claim[ed], attempt[ed], or threaten[ed] to enforce a

right with knowledge that the right does not exist," in violation of the Maryland Consumer Debt

Collection Act.  Md. Code Ann., Comm. Law, § 14-202(8).  "This has been held to mean that a

party may not attempt to enforce a right with actual knowledge or with reckless disregard as to

the falsity of the existence of the right." *Kouabo v. Chevy Chase Bank, F.S.B.*, 336 F. Supp. 2d

471, 475 (D. Md. 2004) (citing *Spencer*, 81 F. Supp. 2d at 594-95). Any violation of the

MCDCA is a *per se* violation of the MCPA.  *See* Md. Code Ann., Comm. Law, § 13-301(14)(iii).

For the same reasons discussed above, Midland's actions in this case—filing a lawsuit with

potentially insufficient evidence and having an attorney sign as counsel of record in this and

thousands of other cases—did not undermine its legal right to seek repayment of the debt.  Thus,

Richardson has not plausibly alleged that Midland attempted to enforce a right with knowledge it

did not exist, and she has not stated a claim under either Maryland statute.

**CONCLUSION**

For the reasons stated above, the defendants' motion to dismiss will be granted.  Further,

while Richardson has indicated a desire to amend her complaint again if the court granted

Midland's motion to dismiss, (Pl.'s Opp'n, at 50), she has offered no proposed amended

complaint nor any specific factual allegations that would overcome the deficiencies of her

current complaint.  *See HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) ("A motion to

amend should be denied [when] . . . the amendment would be futile.") (internal citation and

quotation marks omitted).   Accordingly, the dismissal shall be without leave to amend.  A

separate order follows.


<u>December 18, 2013   </u>                                   <u>                /s/                </u>
Date                                                                        Catherine C. Blake
                                                                               United States District Judge

17